# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:09-CV-00190-BO

| | |
|---|---|
| MARIO P. ROMERO, MICAELA SOTO DURAN, and EULALIO GUTIERREZ, on behalf of themselves and all others similarly situated, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| MOUNTAIRE FARMS, INC., | ) ) |
| Defendant. | ) ) ) |

## PROPOSED SETTLEMENT AGREEMENT

Plaintiffs and Mountaire Farms, Inc. ("Mountaire" or "Defendant") have reached a Proposed Settlement ("Settlement") of the claims asserted in this action, for which this Court's preliminary approval, pursuant to Rule 23 of the Federal Rules of Civil Procedure will be sought, and which Settlement is based on the following:

## 1. RECITALS

1.1   Plaintiffs are current or former employees of Mountaire who work or worked in hourly poultry processing positions at Defendant's Lumber Bridge, North Carolina, facility during the relevant limitations class period.

1.2   Plaintiffs allege that Mountaire violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*., the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.1, *et seq*. and the "Wage Withholding" provisions of N.C. Gen. Stat. § 95-25.8, *et seq*.

1.3   Mountaire filed its Answer to the Complaint and denied all material allegations, and further denied that Plaintiffs were entitled to any damages under the FLSA, NCWHA or North Carolina's Wage Withholding statute.

1.4   On June 9, 2011, the Court entered an Order (the "Certification Order") conditionally certifying the FLSA claims in this Action as a collective action pursuant to 29 U.S.C. § 216(b), and certifying the NCWHA claims and the Wage Withholding claims as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3). The Court's Certification Order defined the FLSA and NCWHA classes as follows:

> All current and/or former employees of Mountaire Farms who have held non-exempt positions working on the poultry processing line in Mountaire Farms, Inc.'s poultry processing plant in Lumber Bridge, North Carolina, who don, doff, wash, or sanitize any sanitary and protective clothing, equipment and gear before and/or after their shifts; who engaged in walking and waiting time associated with these tasks at any time from October 2, 2007 through the deadline for the opt-in period; who were paid on a "Line Time" or "GANG" basis; and who were not fully compensated for all hours worked.

The Court further defined a Wage Withholding class as follows:

> All current and/or former employees who worked at Mountaire's Lumber Bridge poultry processing plant at any period of time from October 2, 2007, to the present from whom deductions for one or more replacement items(s) [sic] of personal protective equipment were made without any advance notice of the

2

intent to make such a wage deduction and without the employee's written authorization.

The Certification Order certified Martin & Jones, PLLC as counsel for the classes ("Class Counsel").

1.5     Following the mailing of notice to potential Class Members who fell within the class definitions in the Certification Order, over 1,400 "Consents to Join Suit" were filed on behalf of those opting to participate in the lawsuit's FLSA claims; only eleven (11) individuals receiving notice of the NCWHA claims elected to affirmatively opt-out, and there are 10,733 NCWHA class members; only seventeen (17) individuals receiving notice of the wage deduction claims elected to affirmatively opt-out, and there are 11,795 Wage Withholding class members.

1.6     The Parties conducted extensive factual investigations and propounded written discovery, deposed key witnesses, consulted expert witnesses who conducted time studies and calculated damages, all of which have permitted Counsel for the Parties to effectively and accurately assess the strengths and weaknesses of their respective positions.

1.7     The Parties jointly requested and participated in a mediated settlement with a private mediator, Adrienne Fechter, LL.M, J.D. The Parties engaged in a two-day mediation on August 16 and 17, 2012, but reached an impasse.

1.8     On August 28, 2012, Mountaire sent Plaintiffs two Offers of Judgment. [Doc. No. 120.] Plaintiffs filed an acceptance of the Offer of Judgment relating to the donning and doffing FLSA and NCWHA class.

1.9     At that time, Class Counsel believed that the interests of all Class Members were best served by compromise of the disputed claim and counsel filed an acceptance of Mountaire's Offer of Judgment finding that the terms were fair, reasonable, adequate, and in the Class Members' best interests.

3

1.10    Following Plaintiffs' acceptance of the Offer of Judgment, disputes and disagreements arose as to the Parties' contentions about the Offer of Judgment and the acceptance thereof, not only as to the dollar amount of the Offer, but as to other terms which were not stated in the Offer. The Court held a hearing on January 23, 2013, to determine whether there was a valid Offer of Judgment and acceptance thereof. The Court found the acceptance was invalid and not effective as a judgment.

1.11    By Order dated January 24, 2013 [Doc. No. 143], the Court "DIRECTED" the Parties to enter into a "proper agreement to resolve this matter" or to file dispositive motions by February 15, 2013.

1.12    At various times between January 30, 2013 and February 5, 2013, the Parties negotiated settlement terms in an attempt to resolve this matter, and reached a Proposed Settlement on February 5, 2013. On February 6, 2013, the Parties filed a Joint Notice of Proposed Settlement and Motion to Stay Deadlines. [Corrected Motion Doc. No. 151]

1.13    The Parties requested until February 28, 2013, to file a Motion for Preliminary Approval and other documents for the Court to consider whether to grant preliminary approval of the Settlement.

## 2.  SETTLEMENT AGREEMENT FOR COURT APPROVAL

2.1    The Parties conducted extensive discovery of the facts and law during this litigation. Class Counsel has analyzed the applicable law, including but not limited to, Fourth Circuit, Eastern District of North Carolina, and other authority about liability and damages.

2.2    Plaintiffs believe the claims asserted in this Action have merit. Plaintiffs also recognize the risk, expense and delay of continued litigation through trial and possible appeals. Plaintiffs have also taken into account the uncertain outcome and the risk of any litigation as well

4

as the difficulties and delays inherent in such litigation and the likelihood of protracted appellate review. Relying on the facts, investigations, analyses and prior rulings, the Parties engaged in arms-length negotiations that initially resulted in an impasse, then an offer of judgment that the Court found was not effective, and now the Parties have agreed upon a Settlement that confers substantial benefits on the Class Members because the terms are fair, reasonable, adequate, in accordance with the law, and in the best interest of all Plaintiffs.

2.3     While Plaintiffs have zealously prosecuted and Defendant has vigorously contested Plaintiffs' claims, the Parties acknowledge that further litigation would likely be risky, protracted, expensive, and contrary to the best interests of the Class Members and Defendant. Substantial amounts of time, energy, and other resources have been and, absent such settlement, would continue to be committed to this litigation. In light of these realities, the Parties believe this Settlement is the best way to resolve the disputes among the Parties while minimizing the burden, risk, delay and expense of continued litigation.

2.4     The Parties have determined that this Court's preliminary approval of the Settlement is proper under the circumstances and respectfully request that the Settlement be preliminarily approved.

**NOW, THEREFORE**, the Parties' proposed terms for settlement, notice, and distribution of Settlement funds to Class Members are as follows:

## ARTICLE 1: DEFINITIONS

Capitalized terms used here have the meanings specified in the Recitals and in this section:

5

(a)     **"Action"** means the lawsuit entitled Mario *P. Romero, et al. v. Mountaire Farms, Inc.*, Case No. 7:09-CV-00190-BO, pending in the United District Court for the Eastern District of North Carolina, Southern Division.

(b)     **"Class Member"** or **"Putative Class Member"** means a putative class member who does not properly elect to be excluded from the terms of this Settlement. Individual Class Members may be referred to collectively as "Class Members" or the "Class."

(c)     **"Class Period"** means the period between October 2, 2007 and December 31, 2011, inclusive of those dates.

(d)     **"Class Representatives"** or **"Named Plaintiffs"** means Named Plaintiffs Mario Romero, Micaela Soto Duran, and Eulalio Gutierrez or any additional class representatives who may be appointed by the Court.

(e)     **"Class Counsel"** means Forest Horne and Chris Olson of Martin & Jones, PLLC.

(f)     **"Counsel for Mountaire"** or **"Defense Counsel"** means J. Larry Stine of Wimberly, Lawson, Steckel, Schneider, and Stine, P.C. and Lee Daniels, Jr. of Wimberly, Lawson, Daniels & Fisher, LLC.

(g)     **"Court"** means the United States District Court for the Eastern District of North Carolina.

(h)     Plaintiffs and Mountaire herein are collectively referred to as "the Parties."

6

(i) **"Settlement Administrator"** or **"Administrator"** means Settlement Services, Inc. ("SSI") which has been agreed upon by the Parties, subject to Court approval, to administer the Settlement.

(j) **"Settlement Effective Date"** means the fifth (5th) day following the Court's entry of an order granting final approval of the Settlement.

(k) **"Final Approval"** means entry of an order by the Court approving the Settlement without material change, directing the Parties to proceed with the Settlement.

(l) **"FLSA Class"** or **"FLSA Class Members"** means all members of the FLSA Class who opted into the FLSA § 216(b) collective action by filing valid and timely Consents to Join Suit as Party Plaintiff with respect to the FLSA claim in the Lawsuit.

(m) **"NCWHA Class"** or **"NCWHA Class Members"** means all current and/or former employees of Mountaire who have held non-exempt positions working on the chicken processing line in Mountaire's chicken processing plant in Lumber Bridge, North Carolina, who don, doff, wash or sanitize any sanitary and protective clothing, equipment and gear; who engaged in walking and waiting time associated with these tasks at any time from October 2, 2007 through December 31, 2011; who were paid on a line time or "GANG" time basis; who were not fully compensated for all hours worked; excluding any such employees who submit timely and valid Opt-out forms and/or all current and/or former employees who worked at Mountaire's Lumber Bridge poultry processing plant at any period of time from October 2, 2007, to the present from whom deductions for one or more replacement items(s) of personal protective equipment were made from their pay without advance notice or their authorization.

7

(n) **"Non-Participating Class Member"** means a member of the Plaintiff Class who submits a timely and valid written request to be excluded from the Settlement Class.

(o) **"Plaintiff Class"** or **"Plaintiff Class Members"** means the members of the NCWHA Class, the FLSA Class and the Wage Withholding class.

(p) **"PPE-Related Activities"** means donning, doffing, washing or sanitizing any sanitary and protective clothing, equipment and gear, and walking and waiting associated with these tasks.

(q) **"Preliminary Approval"** means the Court's entry of an order granting preliminary approval of the Settlement without material change and directing that notice of the Settlement be sent to Plaintiff Class Members.

(r) **"Qualified Settlement Fund Account"** means the Qualified Settlement Fund (and associated bank account) to be established by the Settlement Administrator pursuant to Internal Revenue Code § 486B into which the Settlement Funds will be deposited to create the Settlement Fund.

(s) **"Reserve Fund"** means a fund of fifteen thousand dollars ($15,000.00) to be available to pay any late or disputed payments approved by the Settlement Administrator within one (1) year after the entry of the Court's order granting final approval of the Settlement.

(t) **"Settlement"** means the resolution and disposition of the Lawsuit pursuant to the Settlement and distribution of Settlement funds.

(v) **"Terms"** means Plaintiffs' proposed procedures to provide Class Members with Notice of the Settlement, Right to Opt-Out, and Distribution of Settlement Funds.

(w) **"Settlement Class"** or **"Settlement Class Members"** means members of the FLSA, NCWHA and wage withholding class who do not submit a valid and timely request to be excluded from the Settlement.

(x) **"Settlement Notice"** means the notice to be sent to Plaintiff Class Members after Preliminary Approval informing them of the Settlement, their rights with respect to the Settlement, and how to exercise those rights.

## ARTICLE 2: PURPOSE AND BENEFITS OF SETTLEMENT

2.1 Considering the Settlement, the Parties believe that continued litigation with respect to the issues resolved by this Settlement would be protracted, expensive, uncertain, and contrary to their best interests. Thus, the Settlement is in the best interest of all Parties, and is a fair, reasonable and adequate resolution of these issues.

## ARTICLE 3: JURISDICTION AND VENUE

3.1 This Court has jurisdiction over the Parties and the subject matter of this Action and venue is proper in this Court for purposes of obtaining Preliminary and Final Approval of the Settlement, in addition to the distribution of settlement funds. If the Court does not approve the Settlement, the Action will return to its procedural posture, prior to the Settlement, for purposes of continuing this litigation.

9

**ARTICLE 4:**
**SETTLEMENT, TERMS OF NOTICE TO THE CLASS REGARDING PROPOSED SETTLEMENT, EXCLUSION FROM SETTLEMENT, AND DISTRIBUTION OF SETTLEMENT FUND**

4.1     Settlement Amount and Settlement Payments.     Pursuant to the terms of the Settlement, Mountaire will pay up to, but not more than, Six Million Six Hundred Thousand Dollars ($6,600.000.00); and not less than Two Million Six Hundred and Forty Thousand Dollars, ($2,640,000.00) (the "Settlement Fund") to resolve the claims of all eligible Class Members who do not opt-out of this action for their FLSA, NCWHA and Wage Withholding claims. The Settlement Funds will be allocated among the eligible Class Members on a pro-rata basis and based on: (a) the amount of wages owed to the individual eligible Class Member determined by the formula in Article 9 below, and (b) adding to those wages the amount of wage withholdings owed to the individual eligible Class Member determined by the formula in Article 9 below. If eligible Class Members fail to cash their checks for their pro-rata share of the Settlement Fund within the agreed-upon period, and the eligible Class Members by the end date of that period have collectively failed to cash checks in an amount that is less than $2,640,000 of the Settlement Fund, then the Claims Administrator will calculate a second pro-rata payment that will be made to all eligible Class Members who were initially paid until $2,640,000 has been distributed to the Class Members who have cashed checks. If, on the other hand, eligible Class Members have collectively cashed checks in an amount exceeding $2,640,000 in the aggregate, then any unclaimed funds beyond the amount paid will be retained by or returned to Mountaire.

4.2     Eligible and Ineligible Class Members.     The maximum $6,600,000 gross settlement amount will initially be allocated among class members on a pro-rata basis as stated in Article 9 below. After initially determining each Class Members' pro-rata allocation, if any individual Class Member's pro-rata allocation is less than twenty dollars ($20.00), then that class

10

member will be deemed ineligible and will not be entitled to receive a settlement payment. Instead, those Class Members whose initial pro-rata allocation was determined to be twenty dollars ($20.00) or more of the gross settlement amount will have their pro-rata allocation recalculated and they will share in the pro-rata distribution of the gross settlement amount after all ineligible Class Members are determined. Even if a Class Member is ineligible to receive a settlement amount, the ineligible Class Member will nevertheless be bound by the terms of this Settlement.

4.3     Attorney Fees and Costs.  By separate motion, Class Counsel will seek Court approval for attorneys' fees and costs.  Defendant has agreed to pay, over and above the Settlement Fund, Class Counsel's attorneys' fees in the amount of $1,250,000.00, and advanced expenses of $199,999.00. The Parties have agreed that this amount, subject to Court approval, is appropriate.  Class Counsel will file its Motion for Attorneys' Fees and Costs within thirty (30) days of the Settlement Effective Date.

### ARTICLE 5: PAYMENT AND DISTRIBUTION TO CLASS MEMBERS

5.1     Settlement Administration Cost.  Defendant will pay, in addition to the Settlement Fund and Attorneys' Fees and Expenses, the reasonable cost of Settlement Administration by the agreed upon settlement claims' administrator, SSI, Inc. ("SSI") up to $121,300.00.  If the fee exceeds that amount, it will be considered expenses to Class Counsel.

5.2     Service Awards.  In addition to the Settlement Fund, Defendant will also pay service awards, as approved by the Court and Ordered on any Final Approval, not to exceed a total of Thirty Three Thousand Dollars ($33,000), for Plaintiffs who assisted Class Counsel in the lawsuit.  Mountaire will pay any service awards approved by the Court within forty-five (45) days of the Settlement Effective Date.

5.3     Timing of Payment Settlement Funds by Mountaire.    If no objection to the Settlement is filed, or at such time as the Court resolves any such Settlement objections, Mountaire will deposit $660,000.00 of the Settlement Fund with the Settlement Administrator, SSI, Inc. ("SSI"), and will make additional deposits in amounts and at times requested by SSI that are necessary to pay Class Members' claims, in an amount not to exceed $6,600,000.00. SSI will deposit the Settlement Funds into a bank account established by them for purposes of administering this settlement. If there are objectors to the Settlement, Mountaire will only transmit the Settlement Fund to the Settlement Administrator on the Settlement Effective Date. Whether or not any objection to the Settlement is filed, payment will not be distributed to any Class Member before the Settlement Effective Date.    Any unclaimed funds exceeding $2,640,000.00 will be returned by SSI to Mountaire.

5.5     Payments from the Settlement Fund.    The Settlement Administrator shall, after Final Approval of the Settlement by the Court, pay each Settlement Class Member a pro-rata portion of the Settlement Fund based on the number of days and weeks he or she worked and the amount of PPE wage withholdings made during the relevant class period. *See* Article 9 below for calculation of individual pro-rata damages.

5.6     Employer's Share of Payroll Taxes.    Since it is the employer's responsibility to pay its share of payroll taxes for FICA, and any other taxes for which the employer would ordinarily be responsible, Mountaire shall be responsible for its portion of payroll taxes on the Settlement.

5.7     Weeks Worked.    The number of weeks worked by FLSA and NCWHA Class Members shall be determined based on employment records which have been provided by Mountaire. Class Members shall have the right to challenge the number of weeks worked and

periods of leave as reflected in Mountaire's records. The Settlement Administrator shall make final non-appealable determinations as to any such challenges, and shall revise Class Members' weeks worked consistent with its determinations. The Settlement Administrator shall use any revised weeks worked data resulting from its determinations on Class Members' challenges in its final calculations of the pro-rata portions of the Net Settlement Fund payable to Class Members.

5.8     Payments to Class Members. The Settlement Administrator shall make settlement payments due to Class Members under the terms specified herein by sending such payments by mail or other reliable means to the respective recipients as specified below. Such payments shall be made by checks that shall become void if they remain uncashed one hundred twenty (120) days after their issuance. Class Members entitled to recover under these terms will include only those eligible Class Members who are identified on Mountaire's records as an FLSA or NCWHA or Wage Withholding Class Member during the Class Period.

5.9     Payments Not Wages For Certain Purposes. Payments made pursuant to these terms shall not be considered or treated as wages for purposes of any Mountaire profit-sharing, retirement, or other employee benefit plan(s). Class Members who receive payments under these terms are responsible for any taxes applicable to such payments.

5.10    Objections. Class Members who wish to object to the Settlement must do so in writing, or in any other manner as ordered by the Court. Written objections must state the basis of the objection in detail and must be mailed to the Settlement Administrator postmarked no later than twenty (20) days after the mailing of the class notice, or as otherwise ordered by the Court. Further, if any objector intends to appear at the Final Approval Hearing, either in person or through counsel, the objector shall include notice of that fact and state the purpose of the objector's appearance in their written objection.

5.11     Response to Objections.  The Parties shall be permitted to respond in writing to objections complying with the terms of this section, no later than five (5) days prior to the Final Approval Hearing.   Class Members who do not timely file and serve a written objection complying with the terms of this section shall be deemed to have waived any objection, and they shall thereafter be foreclosed from raising any objection to the Settlement, and any untimely objections shall be barred.   Class Members shall be permitted to withdraw their objections in writing by submitting a withdrawal statement to the Settlement Administrator not later than five (5) business days prior to the Court's Final Approval Hearing, or as otherwise ordered by the Court.

## ARTICLE 6:
## SETTLEMENT OF ALL CLAIMS

6.1     Settlement of all claims.  The Settlement, if approved by the Court, will resolve all claims by Plaintiffs against Defendant.

6.2     Non-Approval by the Court.  In the event that the Settlement is not approved by the Court, fails to become effective, or is reversed, withdrawn or modified by the Court or an Appellate Court with jurisdiction over the case, the Settlement shall have no force or effect and shall not be admissible in any judicial, administrative or arbitral proceeding for any purpose or with respect to any issue, substantive or procedural.

## ARTICLE 7:  DUTIES OF SETTLEMENT ADMINISTRATOR

7.1     Settlement Administrator.  The Settlement Administrator's duties shall include: establishing, opening a bank account for, and obtaining an employer identification number for the Qualified Settlement Fund Account pursuant to Internal Revenue Code § 468(B), and performing all trustee duties required for the operation of the Qualified Settlement Fund Account; administer the Settlement Notice; evaluating challenges to Mountaire's employment

14

records; compiling and providing to counsel for the Parties opt-out and objections to settlement procedures; informing Class Members of their rights in regard to the proposed settlement as specified below; and disbursement of monies from the Settlement Fund as authorized pursuant to these Terms and by Order of the Court. The reasonable cost of the Settlement Administrator shall be paid by Defendant.

7.2    Reserve Fund. The Settlement Administrator will, with Court approval, set aside from the Settlement Fund a "Reserve Fund" in the amount of Fifteen Thousand Dollars ($15,000.00) to be available to pay any late or disputed payments approved by the Settlement Administrator within one (1) year after the entry of the Court's order granting Final Approval of the Settlement. The Settlement Administrator shall hold the Reserve Fund in an interest-bearing account. All interest accrued shall remain in the Reserve Fund unless and until expended for such late or disputed payments.

7.3    Settlement Administrator Duties.    The Settlement Administrator shall be responsible for and the Settlement Fund shall cover:

(i)     preparing and mailing notices of Settlement and the estimated Settlement payment amounts, and instructions on how to opt-out of or object to the Settlement, to all Putative Class Members, including taking appropriate steps to trace and locate any individual Putative Class Member whose address or contact information as provided to the Settlement Administrator is inaccurate or outdated;

(ii)    receiving and independently reviewing and resolving any challenges, including associated documentation, from Putative Class Members regarding the number of weeks they worked during the Class Period;

(iii)   receiving and serving on Class Counsel and Counsel for Mountaire, and the Court, opt-out statements, copies of written objections, and any withdrawal and rescission statements;

(iv)    establishing a toll-free telephone line and responding to inquiries and requests for information or assistance from Class Members;

15

(v) maintaining the Reserve Fund account in an interest-bearing account;

(vi) determining and paying the final amounts due to be paid to Class Members after adjustment for funds due to Class Members who opt-out of the Settlement, resolution of all challenges, and re-apportion funds that cannot be distributed due to inability to locate Class Members;

(vii) determining and paying the amounts due to be paid as withholding taxes on taxable amounts distributed to Class Members, and providing tax reporting forms applicable to such payment to governmental tax authorities, Class Members and Mountaire;

(viii) determining the validity of any late claims or disputes and making payment from the Reserve Fund for any valid late claims or dispute on a pro-rata basis as provided for below;

(ix) making final payment of any residual to the Class Members or returning funds to Mountaire, and closing the Fund;

(x) reporting to Class Counsel, Counsel for Mountaire, and the Court regarding the completion of the tasks identified in this paragraph;

(xi) carrying out related tasks including the cancellation or voiding of any check not cashed within one hundred twenty (120) days of its issuance and replacement of funds allocated to payments associated with such checks as provided for under these terms, the proper maintenance of undisbursed Settlement Fund amounts in an interest-bearing account and reporting required for that account, in accordance with Plaintiffs' Terms for distribution of funds and Orders of the Court; and

(xii) other tasks that Class Counsel determines are necessary or that the Court orders to be performed.

7.4     Disputes as to Settlement Administrator's Duties.  All disputes relating to the Settlement Administrator's ability and need to perform its duties shall be referred to the Court, if necessary, which will have continuing jurisdiction over the Settlement until all payments and obligations have been fully carried out.  Class Counsel represents that they do not have any financial interest in the Settlement Administrator or otherwise have a relationship with the Administrator that could create a conflict of interest.

16

## ARTICLE 8: NOTICE TO THE SETTLEMENT CLASS MEMBERS

8.1     Mountaire's Putative Class Member List.  As of May 17, 2012, Mountaire has provided Class Counsel with updated earnings and pay information from October 2, 2007 through December 31, 2011 in an electronic format regarding all Class Members' names, last known addresses, dates of birth, any available home and cellular telephone numbers, social security numbers, dates of employment in class positions, hours worked on a daily and/or weekly basis, hourly rate(s) to calculate the estimated payment for each Class Member and PPE deductions during the class period.   Class Counsel shall provide this information to the Settlement Administrator and it will only be used for purposes of notifying Class Members of this Settlement and implementing the distribution of Settlement Funds.

8.2     Notice of Settlement and Opt-Out.  The Settlement Administrator shall send a Settlement Notice and an opportunity to opt-out or object to the Settlement in the form attached hereto as Exhibit "A," subject to approval by the Court, to all Putative Class Members, by first-class mail, within fifteen (15) days of the Court's Order granting Preliminary Approval of the Settlement and the form of Settlement Notice.  Attached to the Settlement Notice, there will be an estimated payment form and instructions ("Share Form"), in the form attached hereto as Exhibit "B," which shall be subject to approval by the Court.  The Settlement Notice will provide that Class Members may opt-out of the Settlement by mailing a written request to be excluded to the Settlement Administrator postmarked no later than twenty (20) days after the mailing of Settlement Notice to all Putative Class Members.  An opt-out form or request for exclusion is valid only if timely mailed to the following return address:

> Romero, et al. v. Mountaire Farms
> Settlement Class Action Administrator
> c/o SSI Settlement Services, Inc.
> P.O. Box 10970

8.3     Opportunity to Opt-out.   The Notice of Settlement will provide that Class Members may opt-out of the Settlement by mailing a written request to be excluded to the Settlement Administrator postmarked no later than twenty (20) days after mailing of notice to all Putative Class Members.   An opt-out or request for exclusion is valid only if it (i) entitled "Request for Exclusion" or contains a clear statement that the Class Member wishes to be excluded from the Settlement; (ii) contains the requester's name, address, telephone number, social security number, dates of employment, and position(s) at Mountaire; and (iii) is signed by the requesting Class Member.   All Class Members who timely submit a valid opt-out or request to be excluded from the Settlement will not be members of the Settlement Class and will have no right whatsoever to a Settlement share or any other benefit under the Settlement, and shall not be bound by the Terms contained herein.   Class Members will be permitted to rescind their opt-out statements in writing by submitting a rescission statement to the Settlement Administrator prior to the Court's Final Approval Hearing or otherwise ordered by the Court.   Any Class Member who chooses to opt-out from the Settlement will not be entitled to recover under the Settlement and will not be bound by or have any right to object, appeal, or comment thereon.

8.4     Publicizing Notice of Settlement.   Upon approval by the Court, and at the same time as the Settlement Administrator mails the Settlement Notice to Class Members as provided for above, the Settlement Administrator, with Class Counsel's assistance, will also publicize by any means the Settlement Administrator deems necessary and appropriate to inform Class Members about the basic terms of the Settlement and provide contact information for the Settlement Administrator.   The notice shall be entitled "Notice Regarding Settlement of Mountaire Farms Collective and Class Action."

8.5    Update Addresses for Putative Class Members.  Prior to mailing of Settlement Notice and Share Forms, the Settlement Administrator will update the addresses for the Putative Class Members using the National Change of Address Database and other reliable resources deemed suitable by the Settlement Administrator.  Any returned envelopes from the initial mailing with forwarding addresses will be used by the Settlement Administrator to locate missing Putative Class Members and re-mail the notice to the correct or updated address.  The Settlement Administrator will use all appropriate tracing methods in carrying out their duties to assist in locating Putative Class Members, or Class Members.  The Settlement Administrator or Class Counsel shall not disclose Class Members' or Putative Class Members' social security numbers to anyone outside of those involved in the Settlement administration.

8.6    Class Counsel's Efforts to Locate Putative Class Members.  Class Counsel shall have the right to take the appropriate steps to locate and assist Putative Class Members and Class Members during the notice period and Class Members during the distribution process.  In carrying out their duties to assist in locating Putative Class Members or Class Members, Class Counsel (or a search firm retained by Class Counsel) may utilize social security numbers of those Class Members who have not cashed their settlement checks as of thirty (30) days after the mailing of the checks.  Other than the limited disclosure of social security numbers authorized by this provision, the Settlement Administrator or Class Counsel shall not disclose Class Members' or Putative Class Members' social security numbers to anyone.

## ARTICLE 9:
## CALCULATION OF SETTLEMENT PAYMENTS AND DISTRIBUTION OF NET SETTLEMENT FUND

9.1    Estimate of Individual Damages.  For the purposes of administering the Settlement, each eligible Class Member (as defined in Article 4 above) will be credited with

19

10.204 minutes of additional paid time for each day worked according to Defendant's payroll records. This amount will be added to each eligible Class Member's actual working hours each week during the weeks between October 2, 2007 and December 31, 2011. Wages for the additional time will be calculated using Class Members' actual hourly pay rates as reflected in Mountaire's payroll records and further as follows:

(i)     The additional time will be compensated at one and one-half times the Plaintiffs' regular rate for all hours worked over forty (40) in a week;

(ii)    At the Plaintiffs' regular rate for all hours worked under forty (40) in a week;

(iii)   For Plaintiffs who were employed between April 17, 2009 and December 31, 2011, the back pay award as calculated above will be doubled for liquidated damages;

(iv)    Pre-judgment interest on a Plaintiff's back pay award in the amount of eight percent (8%) simple interest will be calculated from the time the back pay was due and owing through December 31, 2011;

(v)     To the back pay award determined in (i) through (iv) above, any deductions from a Plaintiffs' pay for PPE deductions during the weeks between October 2, 2007 and December 31, 2011, will be added to determine compensation for pro-rata share determined; and

(vi)    Using the dollar amount determined in (i) through (v) above, each Plaintiff's settlement amount will be calculated as a pro-rata share of the $6,600,000 Settlement Fund.

9.2     Share Form.  Each Share Form mailed to a Class Member will identify the number of compensable weeks that Mountaire's records indicate he or she worked as an FLSA or NCWHA Class Member during the class period (excluding vacations or other periods of leaves of absence) with an estimate of each Putative Class Member's potential pro-rata share of the net settlement fund.

20

9.3    Challenging the Number of Weeks Worked.  Putative Class Members will have the right to challenge only the number of weeks worked as shown on the Share Form. Challenges to the number of weeks worked listed on Share Forms shall be sent directly to the Settlement Administrator at the address indicated on the Form.  No challenge to the number of weeks worked will be accepted unless postmarked no later than twenty (20) days after mailing of notice to Putative Class Members.  Additional time may be provided to a Class Member for good cause shown and within an amount of time determined by the Settlement Administrator in their sole discretion that will not delay the distribution of settlement payment to Class Members.  The Settlement Administrator will inform Class Counsel in writing of any timely filed challenges and the disposition of the same.

9.4    Resolution of Challenges. Challenges will be resolved without a hearing by the Settlement Administrator, who will make a decision based on Mountaire's records and any documents or other information presented by the Class Member making the challenge, or Class Counsel.  The Settlement Administrator's determination is final and binding without a right of appeal.

9.5    Settlement Administrator's Duties – Opt-out Statements. The Settlement Administrator shall (a) date-stamp all original opt-out statements and objections to the Settlement that it receives; (b) serve copies on Class Counsel and Counsel for Defendant no later than five (5) business days after receipt, or immediately if received within five (5) business days of the Court's Final Approval Hearing; and (c) file the date-stamped original with the Clerk of Court no later than five (5) business days prior to the date of the Court's Final Approval Hearing or immediately if received less than five (5) business days prior to the date of the Court's Final Approval Hearing.

9.6     Settlement Administrator's Filings With Court. The Settlement Administrator shall also: (a) date-stamp all original rescission of opt-outs and withdrawal of objection statements it receives; (b) serve copies on Class Counsel and Counsel for Mountaire no later than five (5) business days after receipt, or immediately if received within five (5) business days of the Court's Final Approval Hearing; and (c) file the bate-stamped original with the Clerk of Court no later than five (5) business days prior to the day of the Court's Final Approval Hearing or immediately if received less than five (5) business days of the Court's Final Approval Hearing.

9.7     Final Calculations. The Settlement Administrator shall make the final calculation of payment from the Net Settlement Fund to be distributed to the Class Members, taking into account its determinations of any challenges by putative Class Members or Class Members as provided for herein, within fifteen (15) days of the entry of the Court's order granting Final Approval of the Settlement. Upon completion of its final calculation of payments, and at least thirty (30) days prior to the distribution of payments to Class Members from the Net Settlement Fund, the Settlement Administrator shall provide Class Counsel and Counsel for Mountaire with a report listing the amount of all payments to be made to each Class Member from the Settlement Fund. The Settlement Administrator will also supply Class Counsel and Counsel for Mountaire with an updated list of Putative Class Members which includes names, addresses, and weeks worked, reflecting any corrections or updates made by the Settlement Administrator in the course of administering Settlement Notice to the Class and the receipt of any challenges and written objections and opt-out statements.

9.8     Taxes And Withholding In Connection With Settlement Share Payment. The Settlement Administrator shall be responsible for issuing and mailing the checks, paying to

22

governmental authorities all withholding amounts required to be withheld on taxable payments and sending any necessary tax reporting forms to Class Members, Class Counsel and Mountaire. The Settlement Administrator shall provide a declaration of payment, which will be filed with the Court and served on Class Counsel and Mountaire within thirty (30) days of mailing the payment to Class Members and Class Counsel.

     (i)    <u>Wage Portion</u>. Fifty Percent (50%) of each Class Members' settlement share is deemed to be in settlement of each Class Members' donning and doffing claim for unpaid wages under the NCWHA and/or the FLSA.

     (ii)    <u>Non-Wage Portion</u>. The remaining fifty percent (50%) of each Class Members' settlement share is deemed to be in settlement of such Class Members' claims for liquidated damages and interest under the NCWHA and/or the FLSA. No payroll tax or other withholdings will be deducted from payments of the non-wage portion of each Class Members' settlement share.

    9.9    <u>Notice, Payment, and Mailing Settlement Checks</u>. When Notice of the Settlement is approved by the Court and mailed by the Settlement Administrator to Class Members, the Settlement Administrator will include in the Class Member's Notice an "Address Verification Form" along with a return envelope. The Address Verification Form will inform Class Member's that if they are a qualifying Class Member and complete and return the Address Verification Form to the Settlement Administrator, then the qualifying Class Member's settlement payment will receive priority processing and they should receive their settlement payment sooner. Upon receipt of a completed Address Verification Form, and after Final Approval, the Settlement Administrator will begin processing the claims of qualifying Class Members who first returned an Address Verification Form. Completing an Address Verification Form is, however, not a pre-condition or requirement to have a settlement check sent to the qualifying Class Member.

After Final Approval, the Settlement Administrator will also begin issuing checks to the qualifying Class Member's who did not return an Address Verification Form. The Settlement Administrator will begin sending checks first to those qualifying Class Members with the highest pro-rata settlement amount. The Settlement Administrator will thereafter periodically continue sending checks to qualifying Class Members in the order of their pro-rata settlement amounts, beginning with highest dollar amount to lowest dollar amount, until checks have been issued to all qualifying Class Members.

Class Members who are sent a settlement check will have one hundred twenty (120) calendar days from the date appearing on the check to cash the check. No settlement share payments will be made prior to the one hundred twentieth (120th) day, following service by Counsel for Mountaire of the notices to government officials required under 28 U.S.C. § 1715(d).[1]

The check(s) distributed to each Class Member shall bear the following statement, displayed prominently under the endorsement portion of the check: "endorsement, deposit, or negotiation of this check constitutes your **Acknowledgment and Consent to the Settlement and all Terms Thereof**, in Civil Action No. 7:09-CV-00190-BO of the United States District Court for the Eastern District of North Carolina, including claims for penalties, liquidated damages, costs, and attorneys' fees under the FLSA, NCWHA and Wage Withholding statute." No Class Member may alter or modify such endorsement language, and payment of the settlement share is expressly conditioned upon the Class Member negotiating the check subject to such language. If such Class Members do not cash their checks within one hundred twenty (120) days of the date appearing on the check, then those checks will become void and the

---

[1] Pursuant to the Class Action Fairness Act ("CAFA") and within ten (10) days of filing a Settlement with the Court, a defendant must file with the Attorney General of any state in which a Class Member resides and the U.S. Attorney General notice of the Settlement.

Settlement Administrator will stop payment on those un-cashed checks. In such event, those Class Members will be deemed to have waived irrevocably any right in, or claim to a settlement payment; however, the Settlement Administrator may in its discretion, and without appeal to the Court agree to make full or partial payment of the amounts calculated to be due to such Class Members if the Class Member is located within two hundred sixty (260) days after the Settlement Effective Date. Whether or not such Class Members receive any payment from the Settlement Fund, these Terms shall be binding upon them.

9.11    Payment After 380 Days. Three Hundred Eighty (380) days after the Settlement Effective Date, the Settlement Administrator shall determine if less than forty percent (40%) of the Settlement Fund (less than $2,640,000) has been paid to or negotiated by the Class Members. If more than forty percent (40%) of the Settlement Fund has been paid to or negotiated by the Class Members, then the Settlement Administrator will have no further obligation to make any further payments to Class Members, and all remaining undistributed Settlement Funds will become the property of Mountaire. If, however, less than forty percent (40%) of the Settlement Fund has been paid to or negotiated by Class Members, then the Settlement Administrator will calculate the difference between what has been paid or negotiated, and subtract that from $2,640,000, and the difference will be used by the Settlement Administrator to make a second pro-rata payment to all Class Members who were paid and negotiated an initial payment.

9.12    No Liability for Errors. Named Plaintiffs, Class Counsel, Mountaire and Counsel for Mountaire shall have no liability whatsoever for any acts or omissions of the Settlement Administrator in connection with the administration of the Settlement and distribution of the Settlement Fund.

25

## ARTICLE 10:
## COURT APPROVAL OF SETTLMENT

10.1    Settlement Class.  On the Settlement Effective Date, the Court will have entered an Order approving the Settlement.  This Court will retain jurisdiction until the administration of the Settlement has been finalized.

10.2    Attorneys' Fees and Costs.  Defendant agrees to pay attorneys' fees not to exceed $1,250,000 and advanced expenses not to exceed $199,999, which will be awarded to Class Counsel upon approval and as ordered by this Court.  Class Counsel will file its application for reasonable attorneys' fees and costs within thirty (30) days from the Court's order granting Plaintiffs' Motion for Preliminary Approval of the Settlement.

## ARTICLE 11:
## PLAINTIFFS' DUTIES PRIOR TO
## PRELIMINARY AND FINAL APPROVAL

11.1    Plaintiffs' Motion for Preliminary Approval.    The Motion for Preliminary Approval seeks an Order:

> (a)    Preliminarily approving the Settlement Terms and Settlement Notice to the Class and distribution of settlement funds;
>
> (b)    Approving as to form and content the proposed Settlement Notice;
>
> (c)    Approving as to form and content the proposed Share Form and instructions;
>
> (d)    Directing the mailing of the Settlement Notice, Share Forms, and instructions to putative Class Members by first class mail, and providing information to putative Class Members by other means as specified herein;
>
> (e)    Preliminarily approving settlement administration services to be provided by the Settlement Administrator;
>
> (f)    Preliminarily approving the proposed service awards to Named Plaintiffs as Class Representatives and opt-in Plaintiffs who sat for a deposition and assisted in this matter;

26

Case 7:09-cv-00190-BO   Document 159-1   Filed 02/27/13   Page 28 of 49

(g)      Preliminarily approving the application for payment of reasonable attorneys' fees and costs to Class Counsel;

(h)      Scheduling a fairness hearing on the question of whether the Settlement should be finally approved as fair, reasonable, and adequate as to the members of the Class; and

(i)      Class Counsel shall provide to the Settlement Administrator, within five (5) days after the Court's order granting Preliminary Approval, the Class Members' list and identification and contact information specified in paragraph 8.1 above in an electronic format.  Class Counsel agrees they will not use any of this information for any purpose unrelated to the terms of distribution to Class Members under this Settlement.

11.2    <u>Class Counsel's Declaration to the Court</u>.  Class Counsel shall provide the Court, at least five (5) days prior to the Final Approval and fairness hearing, a declaration by the Settlement Administrator of due diligence and proof of mailing of the Settlement Notice and Share Form required to be mailed to Putative Class Members pursuant to the Terms contained herein, including tracing and re-mailing efforts, and the delivery results of the Settlement Administrator's mailings.

11.3    <u>Effect of Denial of Preliminary Approval</u>.  If the Court declines to grant Plaintiffs' Motion for Preliminary Approval, or grants the Motion subject to modifications or conditions, Plaintiffs will attempt in good faith to modify the terms so that they are in a form acceptable to the Court and file an amended Motion for Preliminary Approval.

11.4    <u>Final Approval Hearing</u>.  Plaintiffs request a Final Approval Hearing at least five (5) days prior to the date scheduled by the Court for the Final Approval Hearing, Class Counsel will submit to the Court a proposed order granting Final Approval that:

(i)      Approves the Settlement and the terms contained herein, adjudging that the Settlement meets all standards for approval under the FLSA and the NCWHA (as applicable) in Rule 23 of the Federal Rules of Civil Procedure and directs the Parties to proceed with consummation of the Settlement;

27

(ii)    Declares that each and every member of the Settlement Class who do not elect to opt-out of the Settlement are bound by these terms;

(iii)    Approves the payment of service awards;

(iv)    Approves Class Counsel's application for an award of attorneys' fees and reimbursement of advanced expenses; and

(v)    Retains continuing jurisdiction over the construction, interpretation, implementation and enforcement of the Settlement, Terms of Settlement, Notice to the Class, Distribution of Settlement Funds, and the Administration of the Settlement.

11.5    Contingent on Court Approval. If the Court does not grant Final Approval with respect to the Settlement, Notice to the Class Members and distribution of Settlement Funds, the Parties will return to their procedural posture prior to the submission of this motion.

## ARTICLE 12:
## DUTIES OF THE PLAINTIFFS AFTER FINAL COURT APPROVAL

12.1    Following entry of the Court's order granting Final Approval of the Settlement, Plaintiffs will act to assure its timely execution and the fulfillment of all its provisions, including but not limited to, the following:

(a)    Class Counsel will assist the Settlement Administrator as needed or requested in the process of identifying and locating eligible Class Members entitled to payments from the Class Settlement Fund and assuring delivery of such payments;

(b)    Class Counsel will assist the Settlement Administrator in completing the distribution of any residual amount from the Reserve Fund and/or un-cashed checks, specified above; and

(c)    Class Counsel will certify to the Court completion of all payments required as a result of the Parties' Settlement, promptly after completion thereof.

12.2    Appeals. In the event of an appeal of the Court's order on Final Approval, the Parties' obligations and all deadlines under the Settlement and these Terms will be deemed stayed until final resolution of such appeal, unless ordered otherwise by the Court.

28

13.1 The preliminary schedule for notice, approval, and payment procedures carrying out this Settlement is as follows. The schedule may be modified depending on whether and when the Court grants necessary approvals and orders notice to the class, and sets further hearings. In the event of such modification, the Parties shall cooperate in order to complete the Approved Settlement procedures as expeditiously as reasonably practicable.

| | |
|---|---|
| On or before February 28, 2013. | Class Counsel will file a Motion For Preliminary Approval of the Settlement with the Court. |
| Three (3) days after Preliminary Approval of Settlement. | Class Counsel will provide the Settlement Administrator with the most recent available names, mailing addresses, phone numbers, and social security numbers it has for all Putative Class Members, as well as any information regarding the Putative Class Members' dates of employment or weeks worked. |
| Fifteen (15) days after Preliminary Approval of Settlement. | The Settlement Administrator will mail by first class mail the Settlement Notice and Settlement Share Form and publicize the Settlement by all other reasonable means. |
| Fifteen (15) days after mailing of Settlement Notice and Share Form. | The Settlement Administrator will conduct trace/search efforts and send a follow-up mailing to individuals whose notice was returned as undeliverable or whose listed address is found to be inaccurate or outdated. |
| Twenty (20) days after mailing of Settlement Notice and Share Form. | Last day for Putative Class Members to opt-out, challenge dates of employment, or submit written objections. |
| Five (5) days before Final Approval Hearing. | Last day for final service of papers in support of Final Settlement Approval and request for attorneys' fees and expenses. |
| Within three (3) days of notice of entry of Order granting Final Approval and entry of judgment against Mountaire. | Settlement Administrator to provide all Counsel with a report listing the amount of all payments to be made to each Class Member from the Settlement Fund. |
| "Settlement Effective Date"<br><br>–Within five (5) business days of the Court's entry of Judgment against Mountaire Farms, | If the Court has issued an Order, Mountaire will mail a check for attorneys' fees and advanced expenses to Class Counsel whose attorney fees and expenses are approved by the |

| Mountaire shall deposit into the Settlement Fund, a sufficient amount for the Settlement Administrator to begin making settlement payments to the Responding Class Members. | Court. Mountaire will also pay settlement administration charges and expenses to the Settlement Administrator. Mountaire will pay service awards within 120 days of the Settlement Effective date. |
| --- | --- |
| Within ten (10) days of date of expiration of Class Members' settlement checks. | Plaintiffs will submit final Settlement Administrator's report regarding status of payment to Class Members. |
| 380 days after Settlement Effective Date. | If 40% of the Settlement Fund has not been distributed and claimed, then the Settlement Administrator will make a second payment to Class Members on a pro-rata basis so that forty percent 40% of the Settlement Fund has been paid to Class Members. |
| Fifteen (15) days after payment to Settlement Class Members. | Class Counsel to submit final Settlement Administrator's report regarding all payments to Class Members on a pro-rata basis, if any. |

13.2 <u>Settlement Administrator's Certification</u>. The Settlement Administrator will file with the Court and serve on the Parties, opt-out statements and written objections or statements of intention to object to the Settlement received from Class Members, and will also file with the Court and serve on the Parties its certification of the completion and results of Settlement Notice and related processes.

## **ARTICLE 14: <u>MISCELLANEOUS PROVISIONS</u>**

14.1 <u>Class Counsel Signatories</u>. It is agreed that because the Class Members are so numerous, it is impossible or impractical and not required to have each Class Member execute the Settlement. The Settlement Notice packet will advise all Class Members of the binding nature of the Settlement if the Court issues an Order approving the Settlement, and it shall have the same force and effect as if it were executed by each individual Class Member.

14.2 <u>Governing Law and Choice of Forum</u>. This Settlement, if approved by the Court, will be interpreted and enforced under the laws of the State of North Carolina. Any claim arising

out of, or relating to, the Settlement will be resolved solely and exclusively in the United States District Court for the Eastern District of North Carolina.

Date:  February 27, 2013

/s/ H. Forest Horne
H. Forest Horne, Jr., NCSB # 16678
G. Christopher Olson, NCSB # 21223
Martin & Jones, PLLC
410 Glenwood Ave.
Suite 200
Raleigh, NC 27603
Phone:  (919) 821-0005
Fax:  (919) 863-6083

**ATTORNEYS FOR CLASS MEMBERS**

/s/ J. Larry Stine
J. Larry Stine, GABN #682555
Elizabeth K. Dorminey, GABN #225935
Wimberly, Lawson, Steckel, Schneider
  & Stine, P.C.
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, GA 30326
Phone:  (404) 365-0900
Fax:  (404) 361-3707

**ATTORNEYS FOR MOUNTAIRE
  FARMS, INC.**

# EXHIBIT A

# EASTERN DISTRICT OF NORTH CAROLINA
## SOUTHERN DIVISION

## If You Are or Were Employed by Mountaire Farms, Inc. as a Production Line Worker in Lumber Bridge, North Carolina, a Class Action Settlement May Affect Your Rights.

The Eastern District Court ("Court") has authorized this Notice *Romero, et al. v. Mountaire Farms, Inc.*, Case No. 7:09-CV-00190-BO (the "Action"). This is not a solicitation from a lawyer.

- In October 2007, three former Mountaire production line workers sued Mountaire Farms, Inc. The employees claimed that Mountaire had failed to compensate them and other employees for working certain hours pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") and the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1, *et seq*. ("NCWHA");

- Mountaire denies the claims made in the lawsuit and asserts that it has fully compensated employees for all hours worked.

- The Parties have reached a Settlement of this Class Action. The class members consist of production line workers employed by Mountaire Farms in Lumber Bridge, North Carolina at any time from October 2, 2007 through December 31, 2011.

- The Court has preliminarily approved a Settlement of the Action in which Mountaire has agreed to pay up to $6.6 million for all claims made in this lawsuit. Each class members' claim will be a pro-rata share of $6.6 million based in part on each employees' hours and days worked, wage rate, and wage withholdings for personal protective equipment.

- You have received this notice because Mountaire's records indicate that you may be a Class Member in this Settlement. **Read this Notice carefully, as your legal rights may be affected and you have a choice to make now:**

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT

| **Option 1: Participate in the Settlement and Receive a Settlement Award.** | *You need **not** do anything in order to receive a Settlement Award in this case. However, in exchange for the Settlement Award described below, you will give up your right to sue for unpaid donning/doffing time and charges for PPE.* |
|---|---|

| Option 2: Request to be Excluded from the Settlement. | *Opt-out or exclude yourself from the Settlement. Get no benefits from it.* |
| --- | --- |
| | *If you make a valid and timely written request to be excluded from the Settlement, you will not receive any money, and you will not give up any rights you may have against Mountaire.* |
| Option 3: Object to the Settlement. | *The Court will decide whether any objections to the settlement are valid. If you file an objection and it is rejected by the Court, you will give up your right to sue for expense reimbursements and related claims unless you also file a request to be excluded.* |

## I.     BACKGROUND OF THE CASE

On October 2, 2009, Plaintiffs, former Mountaire Farms production line employees, filed a class action against Mountaire Farms, Inc. on behalf of themselves and all other employees similarly situated since October 2, 2007.

Plaintiffs allege that they and other similarly situated employees were not compensated for all hours worked pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") and the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1, *et seq*. ("NCWHA"); Plaintiffs further allege certain paycheck deduction for personal protective equipment were illegal.

After more than three (3) years of litigating this action and two (2) days of unsuccessful mediation negotiations, a settlement offer was made that addresses Plaintiffs' donning and doffing claims and wage deduction claims under the FLSA and the NCWHA and provides for payment of additional straight time, overtime for hours over forty (40), double damages, pre-judgment interest, and attorneys' fees and costs. This Settlement has been given Preliminary Approval by the Court, and this notice is being sent to all Settlement Class Members who have the opportunity to receive a portion of the Settlement Fund if they qualify or they may exclude themselves from the Settlement.

## II.     SUMMARY OF THE PROPOSED SETTLEMENT

### A.     Who is included in the Settlement?

You will be included in the Settlement if you were employed by Mountaire at any time from October 2, 2007 through December 31, 2011 ("Settlement Class Positions"), unless you properly opt-out as described below. **You need not do anything to participate in the Settlement.**

You are automatically part of the Settlement Class for the NCWHA claims in this case if you are included in the following group of people, called the "NCWHA Class":

All current and/or former employees of Mountaire Farms who have held non-exempt positions working on the poultry processing line in Mountaire Farms, Inc.'s poultry processing plant in Lumber Bridge, North Carolina, who don, doff, wash, or sanitize any sanitary and protective clothing, equipment and gear before and/or after their shifts; who engaged in walking and waiting time associated with these tasks at any time from October 2, 2007 through the deadline for the opt-in period; who were paid on a "Line Time" or "GANG" basis; and who were not fully compensated for all hours worked.

AND

All current and/or former employees who worked at Mountaire's Lumber Bridge poultry processing plant at any period of time from October 2, 2007, to the present from whom deductions for one or more replacement items(s) [sic] of personal protective equipment were made without any advance notice of the intent to make such a wage deduction and without the employee's written authorization.

All employees who belong to the NCWHA Class, as well as all employees who belong to the FLSA Class, are called "Settlement Class Members" in this Notice.

## B. How much is my share of the Settlement if it is approved?

Mountaire will make Settlement payments ("Settlement Payment") of up to $6.6 million if the Court grants final approval of the Settlement. As will be described in more detail below, the amount available for Class Members is listed below.

| $6,600,000 | Settlement Amount for all claims asserted in the lawsuit. |
|---|---|
| -N/A- | No Award for Attorneys' Fees will reduce the Class Members' Settlement amount because Mountaire will pay reasonable attorneys' fees and costs separately. The Court will decide reasonable attorneys' fees and costs. |
| -N/A- | Estimated Litigation Costs to be paid separately by Mountaire and as determined by the Court. |
| -N/A- | Class Representatives' and Opt-In Plaintiffs' Service Payments for Testifying and Assisting with Action to be paid by Mountaire up to $33,000. |
| -N/A- | Estimated Administrator Fees to be paid separately by Mountaire with no reduction to Settlement Fund. |
| $15,000.00 | "Reserve Fund" set aside to pay potential late and disputed claims |

The entire Net Settlement Fund will be paid to Class Members based upon the following formula: Each Class Member will be credited with a pro-rata share of the $6.6 million dollar fund based upon an additional 10.204 minutes of compensation, for each day worked, which shall be added to each Class Members actual working hours during the weeks between October

3

2, 2007 and December 31, 2011. Wages for that presumed additional time shall be calculated using Class Members' actual hourly pay rate as reflected in Mountaire's records and as follows:

- the additional time will be compensated at 1 and 1-1/2 time the Plaintiffs' regular rate for all hours worked over forty (40);
- at the Plaintiffs' regular rate for all hours worked under forty (40) in any workweek;
- for Plaintiffs who were employed between April 17, 2009 and December 31, 2011, the back pay award as calculated above shall be doubled; and
- Plaintiffs shall be awarded pre-judgment interest on their back pay award in the amount of eight percent (8%) simple interest.
- Deductions of PPE from wages will be added to the compensation above.

Preliminarily, it is estimated that the average Class Member will be paid approximately $540.00, but the actual amount may be more or less based on the number of days actually worked during the class period and other factors.

Each Class Member who worked in the Class Positions, according to Mountaire's records, will receive a payment calculated as described above. **The estimated gross amount that you can expect to receive pursuant to the proposed terms of the Settlement is stated in the enclosed Share Form.** This estimated amount is subject to change, up or down, depending on the final number of Settlement Class Members who participate in the Settlement and the number of weeks they worked during the Class Period, among other things. The net amount you receive will be less than the gross amount to account for mandatory tax withholdings described below.

The Settlement Payment to you will be treated as partially (50%) for interest and penalties. From the portion payable for non-accountable plan expenses, certain taxes will be withheld as required by law. You will receive separate IRS Form 1099s for the portion of the payment. If you decide to participate in the settlement and collect your share of the fund, **you will be responsible for correctly characterizing these payments for personal tax purposes and paying any taxes owed on the amounts.** Neither the Settlement Administrator, Plaintiffs, Mountaire, nor their respective lawyers are authorized to provide tax reporting advice and provide no advice as to whether receipt of this payment will impact your prior or future tax filings. **You should obtain independent tax advice regarding these matters.**

## C. What if the information on my Share Form is incorrect?

The amount you receive from the Settlement is not subject to dispute by you, except to the extent you believe that is has been incorrectly calculated due to an error in records showing your dates of employment as a production line employee during the Class Period and wage withholding deductions for personal protective equipment. The Share Form enclosed with this Notice lists the dates that you worked for Mountaire as a production line employee and your wage withholding deductions. If you believe that the information relating to your dates worked is incorrect, or your wage withholding deductions for personal protective equipment, then you may dispute or "challenge" the listed time period(s) in which you worked as a production line employee, or in which you were on leave during the Class Period, by submitting a written challenge along **with documents or other supporting evidence to the Settlement**

4

Administrator. Such challenges must be post-marked by no later than _____, 2013.

Mountaire's records will be presumed to be correct, but the Settlement Administrator will evaluate any information and evidence submitted by you and may in its discretion use dates different from those in Mountaire's records. Any disputes will be finally resolved by the Settlement Administrator without the possibility of appeal to Class Counsel, Mountaire, or the Court.

## If the Share Form does not correctly state your name or contact information, please inform the Settlement Administrator immediately.
You can do this by calling or writing to:

### Romero v. Mountaire Farms Claims Administrator
### Post Office Box 10970
### Tallahassee, FL 32302-2970
### Telephone: 855-603-6365

**D.     When will I receive my Settlement Payment?**

The Settlement Payments will begin to be made approximately one-hundred-twenty (120) days after Final Court Approval of the Settlement. The earliest that payment would likely begin is in October 2013, and some payments may not be made until 2014.

**E.     What if I do not want to participate in this lawsuit of this Settlement?**

**IMPORTANT:  You will be bound by the terms of the Settlement, unless you submit a timely written request to be excluded from the Settlement.** To exclude yourself from the Settlement you must mail a written request specifically stating your full name, address, telephone number and Social Security Number, dates you worked at Mountaire, and your signature, as well as the following statement: "I wish to exclude myself or opt-out of the class action settlement in the Eastern District, Southern Division Court case *Romero, et al. v. Mountaire Farms, Inc.*, Case No. 7:09-CV-00190-BO. I understand that by requesting to opt-out of this Settlement, I will not be a Class Member and I will not receive any payments from the Settlement of that case." Such request for exclusion must be post-marked no later than _____, 2013.

**F.     What additional payments will be made to the Class Members?**

In addition to their respective shares as participating Settlement Class Members, Mountaire has agreed to pay $36,000 over and above the settlement fund to class representatives who assisted in the lawsuit, subject to Court approval for their services as Class Representatives, and assisted with depositions and/or declarations in support of this Settlement. These payments will not be deducted from the Settlement Payment but will be paid by Mountaire.

5

**G.     What payments will be made to the attorneys representing the Settlement Class?**

Class Counsel will file their petition for attorneys' fees and costs from the Court but it will not be subtracted from the Settlement Fund of approximately $6.6 million. In other words, if the Court grants Class Counsel attorneys' fees and costs, Mountaire will be responsible for paying such fees and costs separately and in addition to the approximate $6.6 million Settlement Fund.

**H.     What payments will be made for costs of settlement administration?**

The costs of administering the Settlement – estimated at $121,300.00 – will be paid by Mountaire and is separate and above the Settlement Fund.

**I.     What is the amount and function of the Reserve Fund?**

A Reserve Fund of $15,000.00 will be established to pay for payments due to Settlement Class Members that the Settlement Administrator deems to have been mistakenly denied or overlooked. This fund will be deducted from the Settlement amount and held in an interest-bearing account for one year after the Court grants Final Approval to the Settlement. After this time has expired, any funds that remain from the Reserve Fund, in addition to any amounts remaining from uncashed settlement checks, will be paid to either the Class Members or will be paid to one or more charities approved by the Court. After the Reserve Fund has been paid out in these ways, there will be no funds remaining for any further payments to the Settlement Class Members.

**J.     How much will actually be paid out to Class Members?**

The Settlement Amount, $6.6 million, less the reserve fund, will be paid out to Class Members who have a pro-rata claim valued at $20.00 or more and who receive and cash their settlement check. A minimum of $2.64 million will be paid out to class members.

**K.     What Claims will I release by participating in the Settlement?**

The Class Members will release all donning and doffing claims, including claims for unpaid straight time, over time, liquidated damages, pre-judgment interest, and attorneys' fees and costs incurred during the Class Period under the FLSA and NCWHA § 95-25.6, and any claim for wage withholdings for personal protective equipment.

**L.     What can I do if I oppose the Settlement?**

You may object to the terms of the Settlement before Final Approval, either by filing a written objection or filing a notice of your intent to appear and object at the Final Approval Hearing at the time and place listed below in this Notice. However, if the Court rejects your objection and approves the Settlement you will be bound by the terms of the Settlement, unless you also submit a request to be excluded from the Settlement.

6

To object or exclude yourself, you must send a written notice of objection, request for exclusion, or written notice of your intent to appear and object at the Final Approval Hearing to the Settlement Administrator, with a copy to the Class Counsel, at the addresses shown below. The Settlement Administrator will file your objection directly with the Court at the address listed in the section describing the location of the Final Approval Hearing, with a copy to the Settlement Administrator and Class Counsel, but this may result in delays or failure to respond to your objection. **DO NOT TELEPHONE THE COURT OR MOUNTAIRE'S COUNSEL.**

**Any written objection, request for exclusion, and/or notice of your intent to appear at the hearing must state you full name, address, telephone number, social security number, date of birth, dates of employment, each specific reason in support of your objection any legal support for each objection.** Your written objection, exclusion, and/or notice of your intent to appear at the hearing must also state your full name, address, date of birth, dates of your employment, and positions held at Mountaire Farms in Lumber Bridge, North Carolina. **To be valid and effective, the Settlement Administrator must receive any written objections and/or notices of intent to appear at the hearing not later than _____, 2013.** A Settlement Class Member who fails to file and serve a written statement of objection in the manner described above and by the specified deadline will be deemed to have waived any objections and will be foreclosed from making objection (whether by appeal or otherwise) to the Settlement.

To object, file your objection with:
**Romero v. Mountaire Farms Claims Administrator**
**Post Office Box 10970**
**Tallahassee, FL 32302-2970**
**Telephone: 855-603-6365**

And also send a copy of your objection to:
**Martin & Jones, PLLC**
**410 Glenwood Avenue, Suite 200**
**Raleigh, NC 27603**

**M.     What if I change my mind about opting out of or objecting to the Settlement?**

If you file a request for exclusion from the Settlement or file an objection to the Settlement but then change your mind, you can rescind your request or objection. **Any such statement of rescission must be in writing, and must be sent to the Settlement Administrator; and must be received at least a day before the date of the Final Approval Hearing, or _____, 2013 as currently scheduled, to be effective.** If you submit a timely rescission, the rescinded exclusion request or objection will have no effect on your participation in the Settlement or the amount of any payment you are entitled to receive from the Settlement.

### III. FINAL SETTLEMENT APPROVAL HEARING

The Court will hold a Final Approval Hearing on the proposed Settlement on _____, 2013, at 9:30 a.m. The purpose of this hearing is to determine whether the Settlement should be finally approved as fair, reasonable, and adequate. The Court will also be asked to approve Class Counsel's request for attorneys' fees and expense reimbursement and the Class Representatives' service payments. The hearing may be postponed without further notice to the Class; any such postponement will be posted on the Court's website for Department _____.

**It is not necessary for you to appear at this hearing** unless you wish to object to the Settlement. If you have given written notice of your objection to the Settlement, you may appear at the hearing at your option.

### IV. GETTING MORE INFORMATION ABOUT THE SETTLEMENT

This Notice contains a summary of the basic terms of the Settlement. For the precise Terms, you are referred to the Proposed Settlement Agreement, which will be on file with the Clerk of Court. The pleadings and other records in this litigation may be examined at any time during regular business hours in the Office of the Clerk, _____. You may also contact the Settlement Administrator in writing or by telephone at their toll free number.

**Romero v. Mountaire Farms Claims Administrator**
**Post Office Box 10970**
**Tallahassee, FL 32302-2970**
**Telephone: 855-603-6365**

**IMPORTANT:**

1. **PLEASE DO NOT TELEPHONE THE COURT OR DEFENDANT'S COUNSEL FOR INFORMATION REGARDING THIS SETTLEMENT OR THE CLAIMS PROCESS.**

2. **If you have moved since you left Mountaire's employment of if you move or change address, please send the Settlement Administrator your new address. It is your responsibility to keep your current address on file with the Settlement Administrator to ensure receipt of your Settlement Payment. Failure to do so may result in delay in payment or non-payment.**

3. **It is strongly recommended that you keep a copy of any change of address notice, or request for exclusion and/or objection that you submit, and proof of timely mailing and/or faxing, until after the Final Approval hearing.**

8

## Address Confirmation Form – Please Print Neatly and Legibly

**IMPORTANT** – COMPLETING AND RETURNING THIS FORM IN THE ATTACHED ENVELOPE WILL HELP CONFIRM YOUR CORRECT ADDRESS AND MAY SPEED THE PROCESSING OF THE MOUNTAIRE SETTLEMENT. **IF YOU QUALIFY AND THE COURT APPROVES THE SETTLEMENT YOU MAY RECEIVE A SETTLEMENT PAYMENT BETWEEN OCTOBER AND DECEMBER, 2013\***.

**Name:** _____

**Signature:** _____

**Social Security Number:** X X X - X X - ___ ___ ___ ___
Last 4 digits of your social security number will verify your identity with payroll records.
Social Security information is confidential and for claims processing purposes only.

**Current Mailing Address:**

_____     _____
(address)                                    (Apt #, if any)

_____
(City)                    (State)      (Zip)

**Home Phone Number:**        ( __ __ __ ) __ __ __ - __ __ __ __

**Work Phone Number:**        ( __ __ __ ) __ __ __ - __ __ __ __

**Cell or Alternate Number:**  ( __ __ __ ) __ __ __ - __ __ __ __

**Return this Form in the Attached Envelope To:**
*Romero v. Mountaire Farms*
**Settlement Administrator**
**P.O. Box 10970**
**Tallahassee, FL 32302-2970**

\*Any class member whose pro-rata share of the settlement is less than $20.00, will not receive a payment.

# EXHIBIT B

<u>ESTIMATED PAYMENT FORM AND INSTRUCTIONS TO CHALLENGE</u>
<u>DATES OF EMPLOYMENT</u>

***ROMERO, ET AL. V. MOUNTAIRE FARMS, INC.,***
**Case No. 7:09-CV-00190-BO**
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

**Your estimated share of the settlement in this case is $_____. This estimate is based on (1) the dates of employment, excluding leaves of absence, and (2) wage withholdings for personal protective equipment during the class period as listed on page 2 of this form.**

# If you accept your dates of employment and wage withholding amount for personal protective equipment, then you do not need to do anything to receive your share of the settlement (unless you also need to update or correct your mailing address).

**If you wish to challenge the dates of employment or the wage withholding amount listed on page 2, carefully follow the instructions on this form.**

TO CHALLENGE THE ESTIMATED AMOUNT OF PAYMENT BASED ON THE DATES OF EMPLOYMENT AS A PRODUCTION LINE WORKER, OR THE WAGE WITHHOLDING AMOUNT THIS FORM MUST BE SIGNED AND POSTMARKED OR FAXED NO LATER THAN _____.

---

**IF YOU ARE CHALLENGING YOUR SHARE AMOUNT MAIL TO:**
**Romero v. Mountaire Farms Claims Administrator**
**Post Office Box 1368**
**Tallahassee, FL 32302-1368**

---

**Important:**

1. It is strongly recommended that you keep proof of timely mailing and/or faxing for your records until receipt of your settlement payment. You do

NOT have to submit this form if you believe the dates of employment listed below are accurate.

2. If you change your mailing address, please send your new mailing address to the Administrator. It is your responsibility to keep a current address on file with the Administrator to ensure receipt of your settlement payment.

## CHALLENGE

***Check a box below ONLY if you wish to challenge the dates listed below. All Fields must be complete for your challenge to be accepted:***

☐ I wish to challenge the employment dates and the wage withholding amount for personal protective equipment listed above. I have included a written statement of what I believe to be my correct dates of employment and wage withholding amount for personal protective equipment as a production line employee with Mountaire Farms during the period from October 2, 2007 through December 31, 2011. I have also included information and/or documentary evidence that supports my challenge. I understand that, by submitting this challenge, I authorize the Administrator to review Mountaire's records and determine the validity of my challenge based upon Mountaire's records as well as the dates, records and information that I am submitting.

_____
Signature

Name of Class Member _____**[preprinted]**

Class Member ID Number (from address label) _____**[preprinted]**

I believe that my correct dates of employment as a production line employee for Mountaire Farms, Inc. during the class period are _____ to _____.

I believe that my correct wage withholding amount for personal protective equipment is $_____.

Statement of reasons and documentation of dates of employment according to Class Member: _____

_____

_____

_____.

**[attach documentation and use separate page(s) as necessary]**
**<u>EMPLOYMENT DATES AND CHALLENGE INFORMATION</u>**


_____

Full Name (First, Middle & Last)


_____

Address


_____

Telephone Number

## ESTIMATED PAYMENT FORM AND INSTRUCTIONS TO CHALLENGE DATES OF EMPLOYMENT

### *ROMERO, ET AL. V. MOUNTAIRE FARMS, INC.*,
**Case No. 7:09-CV-00190-BO**
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

**Your estimated share of the settlement in this case is $_____. This estimate is based on the dates of employment, excluding leaves of absence, and wage withholdings for personal protective equipment during the class period as listed on page 2 of this form.**

# If you accept your dates of employment and wage withholding amount for personal protective equipment, then you do not need to do anything to receive your share of the settlement (unless you also need to update or correct your mailing address).

**If you wish to challenge the dates of employment listed on page 2 or the wage withholding amount, carefully follow the instructions on this form.**

TO CHALLENGE THE ESTIMATED AMOUNT OF PAYMENT BASED ON THE DATES OF EMPLOYMENT AS A PRODUCTION LINE WORKER, OR THE WAGE WITHHOLDING AMOUNT THIS FORM MUST BE SIGNED AND POSTMARKED OR FAXED NO LATER THAN _____.

---

**IF YOU ARE CHALLENGING YOUR SHARE AMOUNT MAIL TO:**
**Romero v. Mountaire Farms Claims Administrator**
**Post Office Box 1368**
**Tallahassee, FL 32302-1368**

---

**Important**:

1. It is strongly recommended that you keep proof of timely mailing and/or faxing for your records until receipt of your settlement payment. You do

Statement of reasons and documentation of dates of employment according to Class Member: _____

_____

_____

_____.

**[attach documentation and use separate page(s) as necessary]**
**<u>EMPLOYMENT DATES AND CHALLENGE INFORMATION</u>**

_____

Full Name (First, Middle & Last)

_____

Address

_____

Telephone Number

NOT have to submit this form if you believe the dates of employment listed below are accurate.

2. If you change your mailing address, please send your new mailing address to the Administrator. It is your responsibility to keep a current address on file with the Administrator to ensure receipt of your settlement payment.

### CHALLENGE

***Check a box below ONLY if you wish to challenge the dates listed below. All Fields must be complete for your challenge to be accepted*:**

☐ I wish to challenge the employment dates and the wage withholding amount for personal protective equipment listed above. I have included a written statement of what I believe to be my correct dates of employment and wage withholding amount for personal protective equipment as a production line employee with Mountaire Farms during the period from October 2, 2007 through December 31, 2011. I have also included information and/or documentary evidence that supports my challenge. I understand that, by submitting this challenge, I authorize the Administrator to review Mountaire's records and determine the validity of my challenge based upon Mountaire's records as well as the dates, records and information that I am submitting.

_____
Signature

Name of Class Member _____**[preprinted]**

Class Member ID Number (from address label) _____**[preprinted]**

I believe that my correct dates of employment as a production line employee for Mountaire Farms, Inc. during the class period are _____ to _____.

I believe that my correct wage withholding amount for personal protective equipment is $_____.